UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ROBERT W. JOHNSON, | | |
| | Plaintiff, | |
| v. | | 5:22-cv-00463-MAD-TWD |
| COLLEEN McMAHON, | | |
| | Defendant. | |

| | | |
|---|---|---|
| ROBERT W. JOHNSON, | | |
| | Plaintiff, | |
| v. | | 5:22-cv-00464-MAD-TWD |
| SHAWN RUSIN, | | |
| | Defendant. | |

| | | |
|---|---|---|
| ROBERT W. JOHNSON, | | |
| | Plaintiff, | |
| v. | | 5:22-cv-00465-MAD-TWD |
| DAVID E. POWELL, | | |
| | Defendant. | |

| | | |
|---|---|---|
| ROBERT W. JOHNSON, | | |
| | Plaintiff, | |
| v. | | 5:22-cv-00466-MAD-TWD |
| NEW YORK STATE DIVISION OF HUMAN RIGHTS, | | |
| | Defendant. | |

| | | |
|---|---|---|
| ROBERT W. JOHNSON, | | |
| | Plaintiff, | |
| v. | | 5:22-cv-00467-MAD-TWD |
| VERA HOUSE, INC, and MARCUS OF VERA HOUSE, INC., | | |
| | Defendants. | |

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

# REPORT-RECOMMENDATION AND ORDER

Plaintiff Robert W. Johnson ("Plaintiff"), proceeding *pro se*, commenced the five (5) above-captioned actions on April 26, 2022, and, in lieu of paying the Northern District of New York's filing fee, seeks leave to proceed *in forma pauperis* ("IFP").[1]

## I. IFP APPLICATIONS

Plaintiff declares that he is unable to pay the filing fee for the above-captioned actions.[2] The undersigned has reviewed each of Plaintiff's IFP applications and determines that he financially qualifies to procced IFP. Therefore, Plaintiff's IFP applications are granted.

## II. STANDARD OF REVIEW

Under Section 1915(e), the Court must dismiss a complaint filed IFP if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint, or portion thereof, when the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66,

---

[1] The undersigned notes that by Order to Show Cause filed May 6, 2022, Chief United States District Court Judge Glenn T. Suddaby ordered Plaintiff to show cause why he should not be enjoined from filing any future pleadings or documents of any kind (including motions) in the Northern District of New York *pro se* without prior permission of the Chief Judge or his or her designee (except pleadings or documents in an action that is open at the time of the issuance of the Court's anti-filing injunction or "Pre-Filing Order," until that action is closed). *See In Re: Robert W. Johnson*, No. 22-pf-00003-GTS (N.D.N.Y.) (filed 05/06/22). Between April 26, 2022, and May 5, 2022, a period of only ten (10) days, Plaintiff filed forty-seven (47) *pro se* civil rights actions in this District, including the five (5) actions at bar.

[2] To that end, in each application to proceed IFP, Plaintiff declares that he is not incarcerated, he is not employed, he has no take home wages, he has not received other income in the past twelve months, he has no money in cash or in checking or savings account, he has no items of value, he has no expenses, and he has no debts or financial obligations.

72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

Having carefully reviewed the operative pleadings, the Court finds that they consist of purported "appeals" from decisions and/or orders recently issued by the United States District Court for the Southern District of New York ("Southern District") and District of Connecticut. *See Johnson v. McMahon*, 5:22-cv-00463-MAD-TWD (N.D.N.Y.) (operative pleading consists of a two-page motion for default judgment from the Southern District) (filed 04/26/22); *Johnson v. Rusin*, 5:22-cv-00464-MAD-TWD (N.D.N.Y.) operative pleading consists of a two-page motion for default judgment from the District of Connecticut) (filed 04/26/22); *Johnson v. Powell*, 5:22-cv-00465-MAD-TWD (N.D.N.Y.) (operative pleading consists of a two-page motion for default judgment from the District of Connecticut) (filed 04/26/22); *Johnson v. Vera House*, 5:22-cv-00466-MAD-TWD (N.D.N.Y.) (operative pleading consists of a two-page motion for default judgment from the District of Connecticut) (filed 04/26/22); *Johnson v. New York State Division of Human Rights*, No. 5:22-cv-00467-MAD-TWD (N.D.N.Y.) (operative pleading consists of an "Appeal for Alleged Injunction" from the District of Connecticut) (filed

04/26/22).³ At the time of filing, Plaintiff was advised of the impropriety of filing such actions in this District but insisted on doing so anyway.

Plaintiff's extensive and abusive litigation history in the Southern District of New York and District of Connecticut reveals that he is subject to numerous bar orders/filing injunctions. *See, e.g.*, *Johnson v. Wolf*, 1:19-cv-07337-GHW, Bar Order (S.D.N.Y.) (filed 07/13/20); *Johnson v. New York Police Dep't*, 1:20-cv-01368-CM, Bar Order (S.D.N.Y.) (filed 08/13/20); *Johnson v. Town of Onondaga*, 1:19-cv-11128-CM, Bar Order (S.D.N.Y.) (filed 04/01/21); *Johnson v. Vera House, Inc.*, 3:22-CV-00314-SALM, Bar Order (D. Conn) (filed 04/13/22). Plaintiff is also subject to a bar order in the Southern District of Ohio. *Johnson v. Coe*, Nos. 2:19-CV-02428-EAS, 2:19-CV-02490-EAS, 2:19-CV-02865-EAS, Bar Orders (S.D. Ohio) (filed 08/05/19). He has also been warned by the Second Circuit that the continued filing of frivolous appeals could result in a filing injunction. *See Johnson v. Wolfe*, 2020 WL 2544909, at *1 (2d Cir. May 7, 2020). Moreover, in *Johnson v. Vera House*, 3:22-CV-00314-SALM, it was ordered: "If Mr. Johnson files <u>any</u> action in any District Court within the Second Circuit in the future, he must attach a copy of this Order to his Complaint. The District Courts of the Second Circuit are the District of Connecticut; the District of Vermont; and the Eastern, Northern, Southern, and

---

³ The Court notes that a review of the District of Connecticut's CM/ECF System confirms this fact. *See* 3:22-CV-00146-SALM (D. Conn.) (filed 01/25/22; dismissed 02/17/22; notice of possible anti-filing injunction 02/17/22); 3:22-CV-00256-SALM (D. Conn.) filed 02/14/22; dismissed 02/17/22; notice of possible anti-filing injunction 02/17/22); 3:22-CV-00233-SALM (D. Conn.) (filed 02/05/22; dismissed 02/17/22; notice of possible anti-filing injunction 02/17/22); 3:22-CV-00314-SALM (D. Conn.) (filed 02/28/22; dismissed 03/18/22; Order enjoining Plaintiff from filing future civil actions in the District of Connecticut without leave of court 03/18/22). In each of the foregoing actions filed in the District of Connecticut, United States District Judge Sarah A. L. Merriam found that dismissal was required because the Court lacked subject matter jurisdiction over the matter, Plaintiff's IFP complaints failed to state a claim upon which relief could be granted, and/or failed to comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure.

Western Districts of New York." *Johnson v. Vera House, Inc.*, 3:22-CV-00314-SALM, 2022 WL 829337, at *5 (D. Conn. Mar. 18, 2022) (emphasis in original).  Plaintiff has also failed to comply with that Order.

In sum, Plaintiff's attempt to circumvent the bar orders issued by the Southern District of New York and District of Connecticut, and the warning issued by the Second Circuit, by commencing the five (5) above-captioned "appeals" in this District is wholly improper and frivolous.  28 U.S.C. § 1915(e)(2)(B)(i).

Moreover, in Case 5:22-cv-00463-MAD-TWD, Plaintiff names the Honorable Colleen McMahon, Chief United States District Judge of the Southern District of New York, as a defendant because she "abused her immunities" and denied Plaintiff relief.[4]  However, claims against judges are barred by the doctrine of judicial immunity.  *See Mireles v. Waco*, 502 U.S. 9, 11 (1991); *see, e.g.*, *Parsons v. United States*, 20-CV-7231 (LLS), 2020 WL 5634260, at *2 (S.D.N.Y. Sept. 18, 2020) (dismissing claims against Chief Judge McMahon under the doctrine of judicial immunity and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (iii)) (citing *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the IFP statute].")); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the

---

[4] A review of the Southern District's CM/ECF System confirms Chief Judge McMahon dismissed several of Plaintiff's actions as frivolous. *See, e.g.*, 1:19-cv-02902-CM (S.D.N.Y.) (filed 03/29/19; dismissed 05/22/19); 1:19-cv-07111-CM (S.D.N.Y.) (filed 07/30/19; dismissed 11/25/19); 1:19-cv-08249-CM (S.D.N.Y.) (filed 09/03/19; dismissed 01/31/20); 1:19-cv-08508-CM (S.D.N.Y.) (filed 09/10/19; dismissed 11/15/19); 1:19-cv-08662-CM (S.D.N.Y.) (filed 09/18/19; dismissed 11/12/19); 1:19-cv-08832-CM (S.D.N.Y.) (filed 09/20/19; dismissed 12/03/19); 1:19-cv-09336-CM (S.D.N.Y.) (filed 10/07/19; dismissed 11/26/19); 1:19-cv-11127-CM (S.D.N.Y.) (filed 12/02/19; dismissed 01/24/20); 1:19-cv-11128-CM (S.D.N.Y.) (filed 12/02/19; dismissed 01/27/20); 1:19-cv-11202-CM (S.D.N.Y.) (filed 12/05/19; dismissed 02/05/20); 1:19-cv-11831-CM (S.D.N.Y.) (filed 12/20/19; dismissed 02/14/20); 1:20-cv-01368-CM (S.D.N.Y.) (filed 02/14/20; dismissed 08/13/20).

defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. at 327)), *appeal dismissed* (Dec. 1, 2020).

Based upon the foregoing, the Court recommends that Plaintiff's complaints be dismissed upon initial review under 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Typically, a court should not dismiss a *pro se* litigant's complaint without granting leave to amend "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991). Inasmuch as the problem with Plaintiff's complaints are substantive and cannot be cured by a better pleading, the Court recommends dismissal without leave to amend. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

**ACCORDINGLY**, it is hereby

**ORDERED** that Plaintiff's motions to proceed *in forma pauperis* are granted for purposes of initial review only; and it is further

**RECOMMENDED** that Plaintiff's complaints in the five (5) above-captioned actions be **DISMISSED WITHOUT LEAVE TO AMEND** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii), and it is further

**ORDERED** that the Clerk provide Plaintiff with a copy of this Order and Report-Recommendation, along with copies of the unpublished decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[5] Such objections shall be filed with the Clerk of the

---

[5] If you are proceeding *pro se* and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve

Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).

Dated: May 10, 2022
       Syracuse, New York

Therèse Wiley Dancks
United States Magistrate Judge

---

and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. 6(a)(1)(C).

2022 WL 829337
Only the Westlaw citation is currently available.
United States District Court, D. Connecticut.

Robert W. JOHNSON
v.
VERA HOUSE, INC. and Marcus of Vera House, Inc.

Civ. No. 3:22CV00314(SALM)
|
Signed 03/18/2022

**Attorneys and Law Firms**

Robert W. Johnson, Watertown, NY, Pro Se.

### ORDER ENJOINING PLAINTIFF FROM FILING FUTURE CIVIL ACTIONS IN THE DISTRICT OF CONNECTICUT WITHOUT LEAVE OF COURT

SARAH A. L. MERRIAM, UNITED STATES DISTRICT JUDGE

 **\*1** Self-represented plaintiff Robert W. Johnson ("plaintiff"), a resident of New York State, has filed 28 actions in the District of Connecticut since **January 19, 2022.** In each case, he has moved to proceed in forma pauperis. See Johnson v. Fenstermaker, et al., 3:22CV00101(SALM) (Jan. 19, 2022); Johnson v. Pathfinder Bank, et al., 3:22CV00109(SALM) (Jan. 20, 2022); Johnson v. Hilton, et al., 3:22CV00110(SALM) (Jan. 20, 2022); Johnson v. Utica National Insurance Group, et al., 3:22CV00124(SALM) (Jan. 21, 2022); Johnson v. Sugerman Law Firm, et al., 3:22CV00126(SALM) (Jan. 21, 2022); Johnson v. Kim, et al., 3:22CV00138(SALM) (Jan. 25, 2022); Johnson v. Brown, et al., 3:22CV00139(SALM) (Jan. 25, 2022); Johnson v. Catalano, 3:22CV00140(SALM) (Jan. 25, 2022); Johnson v. Empower Federal Credit Union, et al. 3:22CV00141(SALM) (Jan. 25, 2022); Johnson v. EMPRO Insurance, et al., 3:22CV00142(SALM) (Jan. 25, 2022); Johnson v. Comfort Inn Hotel, et al., 3:22CV00143(SALM) (Jan. 25, 2022); Johnson v. Watertown Savings Bank, et al., 3:22CV00144(SALM) (Jan. 25, 2022); Johnson v. Chumsky, 3:22CV00145(SALM) (Jan. 25, 2022); Johnson v. Rusin, et al., 3:22CV00146(SALM) (Jan. 25, 2022); Johnson v. Carthage Area Hospital Inc., 3:22CV00154(SALM) (Jan. 27, 2022); Johnson v. Loewenguth, et al., 3:22CV00167(SALM) (Jan. 28, 2022); Johnson v. Michaels & Smolak, P.C., 3:22CV00188(SALM) (Jan. 31, 2022); Johnson v. New York State, et al., 3:22CV00191(SALM) (Jan. 31, 2022); Johnson v. Kent, et al., 3:22CV00192(SALM) (Jan. 31, 2022); Johnson v. Connell, et al., 3:22CV00207(SALM) (Feb. 7, 2022); Johnson v. McMahon, et al., 3:22CV00230(SALM) (Feb. 9, 2022); Johnson v. Davidson Automotive Group, et al., 3:22CV00231(SALM) (Feb. 9, 2022); Johnson v. New York State Division of Human Rights, et al., 3:22CV00232(SALM) (Feb. 9, 2022); Johnson v. New York State, et al., 3:22CV00233(SALM) (Feb. 9, 2022); Johnson v. Powell, et al., 3:22CV00256(SALM) (Feb. 14, 2022); Johnson v. New York State Insurance Company, 3:22CV00257(SALM) (Feb. 14, 2022); Johnson v. Moschouris, et al., 3:22CV00313(SALM) (Feb. 28, 2022); Johnson v. Vera House, Inc., et al., 3:22CV00314(SALM) (Feb. 28, 2022).

The Court has now issued Initial Review Orders in fourteen of these cases. In each instance, the Court has found that dismissal was required because the Court lacked subject matter jurisdiction over the matter, the Complaint failed to state a claim upon which relief could be granted, or the Complaint failed to comply with the requirements of Rule 8. See Johnson v. Fenstermaker, et al., 3:22CV00101(SALM), at Doc. #12 (Feb. 17, 2022); Johnson v. Hilton, et al., 3:22CV00110(SALM), at Doc. #11 (Feb. 17, 2022); Johnson v. Utica National Insurance Group, et al., 3:22CV00124(SALM), at Doc. #11 (Feb. 17, 2022); Johnson v. Chumsky, 3:22CV00145(SALM), at Doc. #11 (Feb. 17, 2022); Johnson v. Rusin, et al., 3:22CV00146(SALM), at Doc. #11 (Feb. 17, 2022); Johnson v. Connell, et al., 3:22CV00207(SALM), at Doc. #7 (Feb. 28, 2022); Johnson v. McMahon, et al., 3:22CV00230(SALM), at Doc. #7 (Feb. 17, 2022); Johnson v. Davidson Automotive Group, et al., 3:22CV00231(SALM), at Doc. #7 (Feb. 17, 2022); Johnson v. New York State Division of Human Rights, et al., 3:22CV00232(SALM), at Doc. #7 (Feb. 17, 2022); Johnson v. New York State, et al., 3:22CV00233(SALM), at Doc. #7 (Feb. 17, 2022); Johnson v. Powell, et al., 3:22CV00256(SALM), at Doc. #7 (Feb. 17, 2022); Johnson v. New York State Insurance Company, 3:22CV00257(SALM), at Doc. #7 (Feb. 17, 2022); Johnson v. Moschouris, et al., 3:22CV00313(SALM), at Doc. #7 (March 18, 2022); Johnson v. Vera House, Inc., et al., 3:22CV00314(SALM), at Doc. #7 (March 18, 2022).

 **\*2** The Court has also dismissed another ten of plaintiff's cases due to plaintiff's failure to file a sufficient motion to proceed in forma pauperis, or to pay the filing fee, after

notice from the Court that his initial motion to proceed without payment of fees and costs was insufficient. See Johnson v. Pathfinder Bank, et al., 3:22CV00109(SALM), at Doc. #10 (Feb. 28, 2022); Johnson v. Sugerman Law Firm, et al., 3:22CV00126(SALM), at Doc. #9 (Feb. 28, 2022); Johnson v. Kim, et al., 3:22CV00138(SALM), at Doc. #9 (Feb. 28, 2022); Johnson v. Brown, et al., 3:22CV00139(SALM), at Doc. #9 (Feb. 28, 2022); Johnson v. Catalano, 3:22CV00140(SALM), at Doc. #9 (Feb. 28, 2022); Johnson v. Empower Federal Credit Union, et al. 3:22CV00141(SALM), at Doc. #9 (Feb. 28, 2022); Johnson v. EMPRO Insurance, et al., 3:22CV00142(SALM), at Doc. #9 (Feb. 28, 2022); Johnson v. Comfort Inn Hotel, et al., 3:22CV00143(SALM), at Doc. #9 (Feb. 28, 2022); Johnson v. Watertown Savings Bank, et al., 3:22CV00144(SALM), at Doc. #9 (Feb. 28, 2022); Johnson v. Loewenguth, et al., 3:22CV00167(SALM), at Doc. #9 (Feb. 28, 2022).[1]

[1] In another four of plaintiff's cases, the Court denied, without prejudice to re-filing, plaintiff's motions for leave to proceed in forma pauperis, as insufficient. See Johnson v. Carthage Area Hospital Inc., 22CV00154(SALM), at Doc. #7 (Feb. 17, 2022); Johnson v. Michaels & Smolak, P.C., 22CV00188(SALM), at Doc. #6 (Feb. 17, 2022); Johnson v. New York State, et al., 22CV00191(SALM), at Doc. #6 (Feb. 17, 2022); Johnson v. Kent, et al., 22CV00192(SALM), at Doc. #6 (Feb. 17, 2022). Plaintiff has filed a Notice of Appeal in three of these cases.

On February 17, 2022, the Court issued a Notice to plaintiff in a number of his dismissed cases, cautioning him that he could be subject to an injunction prohibiting him from filing additional cases in this District without approval of the Court, based on his history of filing meritless cases. The Court warned:

> **The Court cautions plaintiff that the repeated filing of cases that lack any arguable legal merit, or fail to state a legitimate claim for relief under federal law, will result in the imposition of sanctions. Specifically, the Court will enter an injunction prohibiting the filing of further cases without advance approval of the Court.**

Johnson v. Fenstermaker, et al., 3:22CV00101(SALM), at Doc. #13 (Feb. 17, 2022); see also Johnson v. Hilton, et al., 3:22CV00110(SALM), at Doc. #12 (Feb 17, 2022); Johnson v. Utica National Insurance Group, et al., 3:22CV00124(SALM), at Doc. #12 (Feb. 17, 2022); Johnson v. Chumsky, 3:22CV00145(SALM), at Doc. #12 (Feb. 17, 2022); Johnson v. Rusin, et al., 3:22CV00146(SALM), at Doc. #12 (Feb. 17, 2022); Johnson v. McMahon, et al., 3:22CV00230(SALM), at Doc. #8 (Feb. 17, 2022); Johnson v. Davidson Automotive Group, et al., 3:22CV00231(SALM), at Doc. #8 (Feb. 17, 2022); Johnson v. New York State Division of Human Rights, et al., 3:22CV00232(SALM), at Doc. #8 (Feb. 17, 2022); Johnson v. New York State, et al., 3:22CV00233(SALM), at Doc. #8 (Feb. 17, 2022); Johnson v. Powell, et al., 3:22CV00256(SALM), at Doc. #8 (Feb. 17, 2022).

As the Court observed in the Notice, plaintiff is a resident of New York. His claims to date have primarily been brought against other parties in New York, relating to events that appear to have occurred in New York. There does not appear to be any arguable connection to the District of Connecticut. Plaintiff may be filing in alternative districts -- including, but not by any means limited to, the District of Connecticut -- because he has been barred from filing in the Southern District of New York. See Johnson v. Town of Onondaga, No. 1:19CV11128(CM), at Doc. #7 (S.D.N.Y. Apr. 1, 2021).

In addition to the Notice issued by this Court in February, plaintiff has been previously warned by a number of courts against filing frivolous matters. See, e.g., Johnson v. Wolfe, No. 19-3891, 2020 WL 2544909, at *1 (2d Cir. May 7, 2020) (cautioning plaintiff that the continued filing of frivolous appeals could result in a filing injunction); Johnson v. Coe, Nos. 2:19CV02428(EAS), 2:19CV02490(EAS), 2:19CV02865(EAS), 2019 WL 3543542, at *4 (S.D. Ohio Aug. 5, 2019) (order declaring plaintiff a "vexatious litigator" and imposing a filing injunction).

*3 After the Court issued its Notice, plaintiff filed a number of appeals, as well as two additional civil matters in this Court. See Johnson v. Moschouris, et al., 3:22CV00313(SALM) (Feb. 28, 2022); Johnson v. Vera House, Inc., et al., 3:22CV00314(SALM) (Feb. 28, 2022) Each of those two new matters, like the 26 that came before them, fails to state a

claim, and does not satisfy Rule 8. One matter also lacks any arguable basis for subject matter jurisdiction.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." In re Martin Trigona, 737 F.2d 1254, 1261 (2d Cir. 1984). "The filing of repetitive and frivolous suits constitutes the type of abuse for which an injunction forbidding further litigation may be an appropriate sanction." Shafii v. British Airways, PLC, 83 F.3d 566, 571 (2d Cir. 1996).

> [A] district court, in determining whether or not to restrict a litigant's future access to the courts, should consider the following factors: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties.

Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986).

Despite ample notice that the filing of frivolous actions will not be permitted, plaintiff has not been deterred. The Court therefore considers, in light of the Safir factors, whether an injunction barring plaintiff from filing further actions without leave of the Court is appropriate.

The first factor weighs strongly in favor of an injunction. Johnson has filed 28 cases in this District. Each of these cases, except the handful of cases that were appealed before the entry of a dismissal order, was dismissed either as a result of defects in the application to proceed in forma pauperis, or at the Initial Review stage, as lacking merit. A review of the national PACER Case Locator reveals that plaintiff has also filed at least 100 cases across the country in the past several years, including 15 cases in the District of Vermont in the month of February 2022, and at least eight in the District of New Jersey this year. As previously noted, other courts have been forced to limit plaintiff's access because of his abuse of the system.

The second factor likewise weighs strongly in favor of a filing injunction. Plaintiff cannot have an "objective good faith expectation of prevailing[.]" Safir, 792 F.2d at 24. In the Initial Review Orders in plaintiff's prior cases, the Court articulated the defects in plaintiff's complaints and the requirements for pleading in federal court. For example, the Court has previously instructed plaintiff that a complaint must contain sufficient information to put a defendant on notice of the claims against him. The Court has informed plaintiff that a complaint must allege concrete harm, and that this Court will dismiss frivolous suits. The Court has also informed plaintiff that any complaint must comply with the requirements of Rule 8. Despite these prior orders, plaintiff continues to file facially defective pleadings. Accordingly, the Court concludes that plaintiff does not have an objective good faith expectation of prevailing on his claims.

*4 The third factor, whether plaintiff is represented by counsel, weighs against an injunction, because plaintiff is self-represented.

The fourth factor, "whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel[,]" Safir, 792 F.2d at 24, weighs strongly in favor of an injunction. While this Court has addressed all of plaintiff's claims at the initial review stage, such that no defendant has been required to appear and answer his complaints, the same has not always been true in other courts. See, e.g., Johnson v. Adams No. 19-4061 (2d Cir. Dec. 6, 2019); Johnson v. Performant Recovery, Inc., et al., No. 4:19CV05789(SBA) (N.D. Cal. Sept. 16, 2019); Johnson v. Performant Recovery, Inc., et al., No. 20-15022 (9th Cir. Jan 7, 2020). Thus, plaintiff has caused "needless expense" to other parties. Safir, 792 F.2d at 24.

Moreover, even here in the District of Connecticut, where defendants have not been required to respond because the

complaints were dismissed at the Initial Review stage or for failure to pay the required filing fee, plaintiff has undoubtedly "posed an unnecessary burden on the courts and their personnel[.]" Id.

Finally, the fifth factor weighs in favor of an injunction because "other sanctions would be [in]adequate to protect the courts and other parties." Safir, 792 F.2d at 24. Plaintiff claims to be indigent; although he spends a great deal of money on postage for his court filings, he claims to have no source of financial support and no expenses. Thus, financial sanctions would be meaningless and unenforceable. Plaintiff has been undeterred by the prior orders of this and other courts. No amount of explanation has affected plaintiff's determination to continue asserting meritless claims. See Johnson v. Adams, No. 19-4061, 2020 WL 2968458, at *1 (2d Cir. May 7, 2020) ("Appellant has filed several frivolous matters in this Court[.] Appellant has previously been warned against filing new frivolous appeals. Accordingly, Appellant is warned that the continued filing of duplicative, vexatious, or clearly meritless appeals, motions, or other papers could result in the imposition of both a monetary sanction and a sanction that would require Appellant to obtain permission from this Court prior to filing any further submissions in this Court[.]" (citations omitted)); Johnson v. New York State Ins. Fund, No. 19CV11831(CM), 2020 WL 764036, at *2 (S.D.N.Y. Feb. 14, 2020) (noting plaintiff's "pattern of vexatious and frivolous litigation[,]" and the prior orders entered in the Southern District of New York which "directed Plaintiff to show cause why a filing injunction should not be imposed[ ]"); Johnson v. May, No. 1:19CV01390(JBM)(TSH), at Doc. #4 at 7 (C.D. Ill. Dec. 9, 2019) ("Plaintiff is cautioned that there must be a basis in law and fact for each of his claims as well as a basis to allege those claims against the named defendants. If there is no basis for a claim or a basis to allege a claim against any particular defendant, Plaintiff may be sanctioned."). The Court therefore finds that no sanctions short of a filing injunction would be effective. Cf. United States v. McLaughlin, No. 3:17CR00129(MPS), 2019 WL 5538112, at *3 (D. Conn. Oct. 25, 2019); Miller v. Stallworth, No. 3:19CV00484(CSH), 2019 WL 3080913, at *2 (D. Conn. Jul. 15, 2019); Tibbetts v. Stempel, No. 3:97CV02561(CFD), 2005 WL 2146079, at *8 (D. Conn. Aug. 31, 2005), aff'd sub nom., Tibbetts v. Dittes, 167 F. App'x 851 (2d Cir. 2006); In re Martin-Trigona, 592 F. Supp. 1566, 1569-70 (D. Conn. 1984), aff'd, 763 F.2d 140 (2d Cir. 1985).

 *5 THEREFORE, the Court hereby imposes the following PERMANENT INJUNCTION as against plaintiff Robert W. Johnson:

Robert W. Johnson is hereby permanently enjoined from bringing any future case as a self-represented plaintiff in the District of Connecticut without leave of the Court.

To seek leave of the Court to file a new action in this District, Mr. Johnson shall file a motion of no more than three pages captioned "Application Pursuant to Court Order Seeking Leave to File." He shall attach to this motion as "Exhibit 1" the proposed Complaint he seeks to file. He shall attach as "Exhibit 2" to the motion a copy of this Order.

The Clerk of the Court shall not file any future submission from Mr. Johnson of any kind, with the sole exception of a Notice of Appeal from this Order, without the approval of the assigned judge. If Mr. Johnson files any submission, the Clerk shall provide the submission to the assigned judge to determine whether it complies with this Order.

If Mr. Johnson files any action in any District Court within the Second Circuit in the future, he must attach a copy of this Order to his Complaint. The District Courts of the Second Circuit are the District of Connecticut; the District of Vermont; and the Eastern, Northern, Southern, and Western Districts of New York.

Failure to comply with this Order will be sufficient grounds for this Court to deny any motion by Mr. Johnson for leave to file.

Nothing in this Order shall be construed as having any effect on Mr. Johnson's ability to defend himself in any criminal or civil action brought against him. Nothing in this Order shall be construed as denying Mr. Johnson access to the courts through the filing of a petition for a writ of habeas corpus or other extraordinary writ. Nothing in this Order shall be construed as denying Mr. Johnson access to the United States Courts of Appeals. Nothing in this Order shall be construed as affecting any pending action previously brought by Mr. Johnson in any forum.

It is so ordered this 18th day of March, 2022, at New Haven, Connecticut.

**All Citations**

Slip Copy, 2022 WL 829337

---

**End of Document** © 2022 Thomson Reuters. No claim to original U.S. Government Works.

Case 5:22-cv-00467-MAD-TWD   Document 4   Filed 05/10/22   Page 13 of 15

Johnson v. Wolfe, Not Reported in Fed. Rptr. (2020)
2020 WL 2544909

2020 WL 2544909
Only the Westlaw citation is currently available.
United States Court of Appeals, Second Circuit.

Robert W. JOHNSON, Plaintiff-Appellant,
v.
Catherine O'Hagan WOLFE,
et al., Defendants-Appellees.

19-3891
|
May 7, 2020

**Attorneys and Law Firms**

Robert W. Johnson, Pro Se

S.D.N.Y. – N.Y.C., 19-cv-7337, Woods, J.

Present: Pierre N. Leval, Raymond J. Lohier, Jr., Joseph F. Bianco, Circuit Judges.

**Opinion**

*1 Appellant, pro se, moves for leave to proceed in forma pauperis. Upon due consideration, it is hereby ORDERED that the motion is DENIED and the appeal is DISMISSED because it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also* 28 U.S.C. § 1915(e).

Appellant has filed several frivolous matters in this Court, including his appeals docketed under 2d Cir. 19-1688, 19-2174, 19-2235, 19-3657, 19-3889, 19-3891, and 19-4062. Appellant has previously been warned against filing new frivolous appeals. *See* 2d Cir. 19-4062, doc. 22; 2d Cir. 19-3889, doc. 49. Accordingly, Appellant is warned that the continued filing of duplicative, vexatious, or clearly meritless appeals, motions, or other papers could result in the imposition of both a monetary sanction and a sanction that would require Appellant to obtain permission from this Court prior to filing any further submissions in this Court (a "leave-to-file" sanction). *See In re Martin-Trigona*, 9 F.3d 226, 229 (2d Cir. 1993); *Sassower v. Sansverie*, 885 F.2d 9, 11 (2d Cir. 1989) (per curiam).

**All Citations**

Not Reported in Fed. Rptr., 2020 WL 2544909

2020 WL 5634260
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.

Tyler Joseph PARSONS, Plaintiff,
v.
The UNITED STATES of America's, Executive Branch; Judge McMahon, the United States of America's Judicial Branch, Defendants.

20-CV-7231 (LLS)
|
Signed 09/18/2020

**Attorneys and Law Firms**

Tyler Joseph Parsons, New York, NY, pro se.

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

 *1  Plaintiff, appearing *pro se*, brings this action alleging that Defendants violated his "rights to a speedy and fair trial." (ECF No. 2 at 2.) By order dated September 11, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

Plaintiff Tyler Joseph Parsons, using the Court's general complaint form, brings this complaint, invoking the Court's federal question jurisdiction.

He alleges the following: "I, Tyler Parsons, was denied my constitutional rights regarding a fair and speedy trial upon dismissal of my filed case." (ECF No. 2 at 5.) He does not specify the case that he is referencing. In the Relief section of his complaint, Plaintiff writes:

> regarding the original filing, I noted that no more than 1 to 2 hundred thousand dollars was owed to me. After these complications I have filed to plea for double this amount.

(*Id.* at 6.)

A review of the Court's records reveals that on September 23, 2019, Plaintiff filed a case in this Court against the "United States of America Federal Government (FL, IL, NY)," alleging that his rights to "life, liberty, and the pursuit of happiness" were violated by his "being abducted and

humanly trafficked." *Parsons v. United States*, ECF 1:19-CV-8828, 2 (S.D.N.Y. Oct. 25, 2019). By order dated October 25, 2019, Chief Judge McMahon dismissed Plaintiff's case as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *Id.* at ECF No. 4.

**\*2** It appears therefore that Plaintiff brings this new action because he disagrees with Judge McMahon's October 25, 2019 decision. On November 7, 2019, Plaintiff filed a notice of appeal in that case, but because he failed to pay the filing fee or file an application to proceed IFP on appeal, his appeal was dismissed. *See Parsons v. United States*, No. 19-3880 (2d Cir. Mar. 4, 2020).

## DISCUSSION

The Court construes Plaintiff's action as an attempt to challenge Judge McMahon's October 25, 2019 dismissal of his prior action. *See Parsons*, ECF 1:19-CV-8828. Plaintiff names the Executive Branch of the United States government as a Defendant, but he does not include any allegations against any members of the Executive Branch.

Plaintiff's claims against Chief Judge Colleen McMahon must be dismissed. Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation...." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, as amended in 1996, § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated, or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature).

But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff's claims against Chief Judge McMahon arise of out of her rulings and actions while presiding over *Parsons*, ECF 1:19-CV-8828; such rulings and actions were within the scope of her judicial capacity and jurisdiction. The Court therefore dismisses Plaintiff's claims against Chief Judge Colleen McMahon and "The United States of America's Judicial Branch" under the doctrine of judicial immunity and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the *in forma pauperis* statute]."); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.' " (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))). Plaintiff's claims against "The United States of America's, Executive Branch" are dismissed as barred by sovereign immunity and as frivolous. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)) ("The United States, as sovereign, is immune from suit save as it consents to be sued ..., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.").

**\*3** District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (iii).

SO ORDERED.

**All Citations**

Slip Copy, 2020 WL 5634260